IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| ORLANDO JONES, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | 2:21-cv-00025-RWS-JCF |
| ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| BESCO STEEL SUPPLY OF ) | |
| GEORGIA, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff Orlando Jones ("Plaintiff"), by and through undersigned counsel, and files this his Complaint for Damages against Defendant Besco Steel Supply of Georgia, Inc. ("Defendant") stating as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action to recover damages for Defendant's unlawful retaliation against him in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981") and Title VII of the Civil Rights Act of 1964 ("Title VII").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Defendant is subject to specific jurisdiction in this Court over the claims asserted in this action. In addition, a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. In accordance with 28 U.S.C. §§ 1391(b)(1) and (2), venue is appropriate in this Court.

## PARTIES

4.

Plaintiff is an African American citizen of the United States of America and is subject to the jurisdiction of this Court.

5.

Defendant is qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

6.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, Timothy W. Simpson, 1242 Highland Park Way, Statham, Georgia 30666.

**FACTUAL ALLEGATIONS**

7.

Plaintiff began his employment with Defendant as welder on or around August 2020.

8.

On or around early October 2020, a white employee named Bull told Plaintiff that he and other white employees had been talking about how stupid Black people are.

9.

Plaintiff immediately complained to Manager Jarrod Norton about Bull's racist comments.

10.

Bull was fired shortly thereafter.

11.

After Bull was fired, Tom, a supervisor, began to frequently call Plaintiff "boy."

12.

Plaintiff again complained to Mr. Norton, this time regarding Tom's racist remarks. In response, Mr. Norton told Plaintiff to just let it go.

13.

On or aorund the end of October, Plaintiff's employment was terminated.

14.

Plaintif had not received any formal disciplinary action during his time working for Defendant.

15.

Based on information and belief, following Plaintiff's termination, Defendant rehired Bull.

16.

Any reason given by Defendant for terminating Plaintiff's employment is pretext for unlawful retaliation for Plaintiff in engaging in protected activity.

## CLAIMS FOR RELIEF

## COUNT I

## RETALIATION IN VIOLATION OF 42 U.S.C. § 1981

17.

Plaintiff re-alleges paragraphs 7-16 as if set forth fully herein.

18.

Plaintiff is African American and black in color. Plaintiff had an employment agreement with Defendant within the meaning of 42 U.S.C. § 1981, under which, *inter alia*, Plaintiff worked for Defendant, and Defendant compensated Plaintiff for work.

19.

Plaintiff performed his contractual obligations.

20.

Defendants violated Plaintiff's rights under 42 U.S.C. § 1981.

21.

Plaintiff is a member of a protected class.

22.

Plaintiff's complaints and opposition to racist conduct constitute protected activity under 42 U.S.C. § 1981.

23.

Defendant subjected Plaintiff to adverse action (to wit, termination) because of his protected conduct. The adverse action to which Plaintiff was subjected would dissuade a reasonable employee from making or supporting a charge of discrimination.

24.

There was a causal connection between the protected conduct and the adverse action of termination.

25.

As a direct and proximate result of Defendant's violations, Plaintiff has suffered economic and non-pecuniary damages.

26.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

27.

Plaintiff is entitled to punitive damages, lost wages and benefits, compensatory damages, attorneys' fees and costs, prejudgment interest,

reinstatement or front pay in lieu thereof, and any other relief available under the law.

## COUNT II:  RETALIATION IN VIOLATION OF
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

28.

Plaintiff re-alleges paragraphs 7-16 as if set forth fully herein

29.

Plaintiff engaged in protected conduct when he complained about race- and color-based based discrimination in violation of Title VII.

30.

Defendant subjected Plaintiff to adverse employment actions after Plaintiff engaged in protected conduct.

31.

There was a causal connection between the protected conduct and the adverse action.

32.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

33.

Defendant willfully and wantonly disregarded Plaintiff's rights, and Defendant's retaliation against Plaintiff was undertaken in bad faith. Plaintiff is therefore entitled to punitive damages.

34.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful retaliation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays the court for judgment and relief as follows:

(a)  General damages for mental and emotional suffering caused by Defendant's unlawful conduct;

(b)  Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation, and approval of said acts;

(c)  Damages for lost wages and benefits and prejudgment interest thereon;

(d)  Reasonable attorneys' fees and expenses of litigation;

(e)  Trial by jury as to all issues;

(f)  Prejudgment interest at the rate allowed by law;

(g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(i) All other relief to which he may be entitled.

Respectfully submitted, this 28th day of January, 2021.

**BARRETT & FARAHANY**

/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
Attorney for Plaintiff

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
severin@justiceatwork.com